Electronically Filed - Jackson - Kansas City - November 25, 2025 - 12:13 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| **DOLEATA JOHNSON**<br>**8026 NATURAL BRIDGE ROAD**<br>**SAINT LOUIS, MO 63121** | ) | |
| **PLAINTIFF,** | ) | **Case No._______________** |
| **v.** | ) | **JURY TRIAL REQUESTED** |
| **STATE FARM FIRE AND**<br>**CASUALTY COMPANY**<br>**ONE STATE FARM PLAZA**<br>**BLOOMINGTON, IL 61710** | ) | |
| **DEFENDANT.** | ) | |

*Service Instructions:*
*Department of Insurance*
*Director of Insurance*
*301 West High Street, Room 530*
*Jefferson City, MO*

## PETITION FOR DAMAGES

COMES NOW, Doleata Johnson ("Plaintiff", herein) and for her complaint against State Farm Fire and Casualty Company ("State Farm", herein) states and alleges as follows:

## PARTIES

1. Plaintiff Doleata Johnson owns real property located at 8026 Natural Bridge Road, Saint Louis, MO 63121 (hereinafter "Subject Property").
2. Defendant State Farm Fire and Casualty Company is a Corporate Insurance Company, with its principal place of business in Illinois, and is a non-resident doing business within the State of Missouri, and may be served through the Director of Insurance pursuant to R.S.Mo §375.906 and/or §375.256.

EXHIBIT
1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to R.S.Mo §478.070 and Mo. Const. Art. V, §14, as circuit courts shall have original jurisdiction over all cases and matters.

4. This Court has personal jurisdiction over defendant State Farm Fire and Casualty Company pursuant to R.S.Mo §375.906 as State Farm is licensed to and transacts substantial business in Missouri, falling under the Missouri Long-Arm Statute. State Farm has purposefully established minimum contacts with Missouri by selling Insurance, employing agents, and soliciting residents. Plaintiff's claims arise directly from State Farm's Missouri-based business activities.

5. Venue is proper in this Court pursuant to R.S.Mo §508.010.2(4), as Defendant is a non-resident and Plaintiff's suit may be brought in any county in this State.

6. The damages sought herein are more than Twenty-five Thousand Dollars ($25,000.00) exclusive of interests, costs, statutory penalties, and attorney's fees.

## STATEMENT OF FACTS

7. Prior to April 1, 2024, Defendant issued to Plaintiff a Homeowner's policy of insurance, policy number 25PD51053 (hereinafter "the Policy").

8. Plaintiff is the named insured under the Policy.

9. The Policy covered the property located at 8026 Natural Bridge Road, Saint Louis, MO 63121 (hereinafter "Subject Property").

10. A formal copy of the Policy is not currently in the possession of Plaintiff, despite several requests for production prior to the initiation of this suit.



Electronically Filed - Jackson - Kansas City - November 25, 2025 - 12:13 PM

11. Upon information and belief, under the terms of the Policy, Defendant agreed to insure Plaintiff against losses specified in the Policy, including but not limited to, direct physical loss to the Subject Property caused by wind and/or hail.

12. Pursuant to the Policy, Plaintiff paid insurance premiums to effect insurance coverage of the Subject Property for all damages covered under the Policy.

13. Plaintiff paid all premiums due under the Policy and otherwise performed all obligations required under the Policy.

14. On or about April 1, 2024, the Subject Property suffered damage from a severe hail and windstorm (hereinafter "the Loss").

15. The Policy was in full force and effect at the time of the loss events described herein.

16. The Loss is a covered peril under the terms and conditions of the Policy.

17. Plaintiff promptly notified Defendant of the loss.

18. Plaintiff submitted a claim for damages to Defendant and was assigned Claim Number 2577P009T.

19. Plaintiff has complied with all conditions precedent to recovery under the Policy.

20. On or about December 21, 2024, Defendant acknowledged the occurrence of a covered loss through State Farm's Claim Specialist, Ogunseitan Samuel. See Exhibit A.

21. Defendant investigated the Loss and determined that the Subject Property sustained damage due to hail, a covered loss, but failed to properly identify all hail damage, necessary repairs, or the proper repair costs.

22. Defendant's December 21, 2024 estimate of covered damages for the Loss totaled $3,964.99 RCV.

Electronically Filed - Jackson - Kansas City - November 25, 2025 - 12:13 PM

Electronically Filed - Jackson - Kansas City - November 25, 2025 - 12:13 PM

23. Plaintiff retained Combined Loss Consulting to prepare a loss assessment and estimate for the losses that were caused by the Loss.

24. Combined Loss Consulting's estimate was accompanied by photographs demonstrating that the Subject Property suffered direct physical loss and identified the estimated costs to restore the Subject Property to its' pre-loss condition totaled $146,533.40 RCV.

25. A demand for payment was submitted to Defendant on September 26, 2025 by and through the undersigned with a copy of the Combined Loss Consulting estimate and supporting photographs for consideration of payment under the terms of the Policy.

26. Defendant rejected the demand for payment on October 2, 2025 and stated their estimate remained unchanged.

27. Despite Plaintiff's request that Defendant fully indemnify her for the Loss that occurred at the Subject Property, Defendant has refused to pay the amounts due under the Policy.

28. Defendant's estimate of damages for $3,964.99 failed to provide sufficient funds to Plaintiff to restore and repair the loss that occurred on April 1, 2024.

29. The parties continue to dispute the amount of Loss caused by the subject storm.

30. As a result of Defendant's failure to pay and continued refusal to pay Plaintiff's claim and fully indemnify Plaintiff for her losses, Plaintiff has incurred additional damages and continues to incur additional damages.

31. Plaintiff brings the current action seeking to recover from Defendant the full costs of repairs (minus the applicable deductible) necessary to repair damage caused by the April 1, 2024 storm as provided under the Policy.

**COUNT I**
**BREACH OF CONTRACT**

Plaintiff repeats and realleges the allegations and facts set forth in paragraphs 1 through 31 as if fully set forth herein.

32. Plaintiff and Defendant entered into a valid and enforceable contract of insurance.
33. At all times relevant hereto, Plaintiff and Defendant were parties to a valid and enforceable contract – The Policy.
34. Defendant issued the Policy in favor of Plaintiff, and in exchange for Plaintiff's payment of premiums, agreed to compensate Plaintiff for losses covered under the Policy.
35. The Policy obligated Defendant to provide insurance coverage to Plaintiff for losses covered under the Policy, including the losses that occurred on April 1, 2024.
36. Plaintiff performed all of her obligations under the Policy, including payment of all premiums when due.
37. Plaintiff has complied with all requirements to trigger Defendant's obligation to make payment under the terms of the contract.
38. Plaintiff submitted a timely claim to Defendant for the Loss.
39. The damage that occurred at the Subject Property included both wind and hail damage, which are covered perils pursuant to the Policy.
40. Despite a timely and proper tender of claim for damage to the Subject Property, Defendant has refused to fully compensate Plaintiff for the Loss.
41. Defendant has failed to properly adjust the Loss and pay insurance proceeds owed to Plaintiff as a result of the damage caused by the April 1, 2024 storm.
42. This constitutes a breach of Defendant's obligations under the Policy.
43. While coverage has been afforded, Defendant breached the Policy by failing to provide sufficient payment for Plaintiff's Loss as required under the terms of the Policy.



Electronically Filed - Jackson - Kansas City - November 25, 2025 - 12:13 PM

44. Defendant breached the Policy by failing to indemnify Plaintiff for all losses that occurred resulting from the covered loss and failing to return Plaintiff's property to its pre-loss condition.

45. Defendant's breach of the Policy was material.

46. As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in the amount in excess of $25,000.00, exclusive of attorney's fees, interest, and costs, the exact amount to be determined at trial.

**COUNT II**
**VEXATIOUS REFUSAL TO PAY IN VIOLATION OF**
**R.S.MO §§ 375.296, 375.420**

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

47. Defendant issued an insurance policy to Plaintiff that was in effect at the time of the Loss.

48. At all times relevant hereto, Plaintiff and Defendant were parties to a valid and enforceable contract – The Policy.

49. Plaintiff has complied with all requirements to trigger Defendant's obligation to make payment under the terms of the contract.

50. Plaintiff sustained a covered loss.

51. The Policy provided coverage for the type of loss the Subject Property suffered on April 1, 2024.

52. Plaintiff submitted a valid claim under the Policy for the Loss.

53. Defendant refused to pay Plaintiff's claim under the Policy sufficient to indemnify her of the total loss.



Electronically Filed - Jackson - Kansas City - November 25, 2025 - 12:13 PM

Electronically Filed - Jackson - Kansas City - November 25, 2025 - 12:13 PM

54. Defendant has breached its contract of insurance by refusing to properly adjust or pay the full amount of Plaintiff's loss under the Policy.

55. Defendant has failed to adopt and implement reasonable standards for a prompt and adequate investigation of claims arising under its Policies.

56. Defendant refused to pay a claim without conducting a reasonable and adequate investigation with respect to this claim.

57. Defendant has denied insurance benefits to Plaintiff without a reasonable basis and in direct contravention to the plain terms of its Policy.

58. The sum of damages demanded by Plaintiff resulting from the Loss remain unpaid.

59. Plaintiffs demand and the evidence supported therewith were sufficient to put Defendant on notice of its duties and responsibilities to pay Plaintiff for the covered losses.

60. Defendant's refusal to pay Plaintiffs claim and fully indemnify her from the Loss was without reasonable cause or excuse.

61. Defendant's refusal to pay Plaintiff's claim for the Loss is vexatious and violates the provisions of the Policy of insurance.

62. Defendant's refusal to pay Plaintiffs claim is willful and recalcitrant.

63. Defendant's actions demonstrating vexatious refusal and unfair settlement practices include, but are not limited to:

    a. Failing to acknowledge with reasonable promptness pertinent communications with respect to Plaintiff's claim under the Policy;

    b. Failing to adopt and implement reasonable standards for the prompt investigation and settlement of Plaintiff's claim under the Policy;

c. Failing to properly investigate the claim despite acknowledging the occurrence of a covered peril;

d. Disregarding the professional estimate from Combined Loss Consulting without reasonable justification;

e. Failing to attempt in good faith to effectuate prompt, fair, and equitable settlement of the claim when liability became reasonably clear;

f. Failing to provide an accurate explanation of the basis for not fully indemnifying Plaintiff from the loss that occurred at the Subject Property;

g. Compelling Plaintiff to institute a suit to recover amounts due under the Policy by offering substantially less than the amounts that will be recovered by way of this suit and that are justly due under the circumstances;

h. Refusing to pay Plaintiff's claim without conducting a reasonable investigation;

i. Failing to promptly provide a reasonable and accurate explanation of the basis for failing to fully indemnify Plaintiff for the Loss in the face of an offer of a compromise settlement;

j. Failing to promptly settle Plaintiff's claims where liability had become reasonably clear under the Policy; and,

k. In other methods and manners that will be supplemented upon the completion of discovery.

64. Defendant knowingly committed the forgoing acts, with actual knowledge of the falsity, unfairness, or deception of the forgoing acts and practices.

65. Defendant's failure and refusal are vexatious within the meaning of R.S.Mo §375.296.



Electronically Filed - Jackson - Kansas City - November 25, 2025 - 12:13 PM

Electronically Filed - Jackson - Kansas City - November 25, 2025 - 12:13 PM

66. Plaintiff is additionally entitled to recover statutory penalties as provided under R.S.Mo §375.420, including, but not limited to, an additional award beyond the Loss compensation amount and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages for breach of contract in an amount to be proven at trial, but not less than $146,533.40;
2. For statutory penalties pursuant to R.S.Mo §375.420 in the amount of twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars;
3. For reasonable attorney's fees pursuant to R.S.Mo §375.420;
4. For pre-judgment and post-judgment interest as allowed by law;
5. For costs of this action; and
6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues of fact to the full extent of her rights under the Constitution and all applicable law.

**THE COHEN LAW GROUP – MISSOURI, LLC**

By: /s/ Daniel L. Boyd
Daniel L. Boyd, Mo. Bar # 63578
200 Northeast Missouri Rd.
Lee's Summit, Missouri 64086
P: 816.897.3800; F: 816.307.0668
dboyd@itsaboutjustice.law
ATTORNEY FOR PLAINTIFF

# 2516-CV38833

Electronically Filed - Jackson - Kansas City - November 25, 2025 - 12:13 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **Doleata Johnson** | ) | |
| | ) | **Case No:** |
| **Plaintiff,** | ) | |
| | ) | **Division:** |
| **v.** | ) | |
| | ) | |
| **State Farm Fire and Casualty** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Service, LLC.: Legal Names (s):

Sallie Bailey PPS25-0007
Thomas Bogue PPS25-0153
Scott Brady PPS25-0013
Gary Burt PPS25-0156
Bobby Calvert PPS25-0160
Lenora Cope PPS25-0016
Kanina Cox PPS25—0017
James Cox PPS25-0018
Kory Crawshaw PPS25-0019
Christopher Drummond PPS25-0027
Anthony Dunne PPS25-0028
Brandon Fisher PPS25-0382
Terri Frank PPS25-0422
Vincent Galindo PPS25-0036
David Gianini PPS25-0337
Bradley Gordon PPS25-0200
Darnell Hamilton PPS25-0038
Darnell I Hamilton PPS25-0536
James Hannah PPS25-0039
Rufus Harmon PPS25-0040
Floyd Hatfield PPS25-0339
Stephen Heitz PPS25-0208
Moses Hicks IV PPS25-0340
Bridgette Hight PPS25-0043
Wendy Hilgenberg PPS25-0044
McKenna Howe PPS25-0045
Kennedy Hoy PPS25-0046
Robert Jackson II PPS25-0342
Patrick Jones PPS25-0227
Angelique Julian PPS25-0051
Michelle Kendrick PPS25-0053
Chelsey Ketron PPS25-0054
Leisa Ketron PPS25-0055
Brent Kirkhart PPS25-0058
Janice Kirkhart PPS25-0056
Tyler Kirkhart PPS25-0057
Kenneth Marshall PPS25-0067
Michael Meador PPS25-0241
Justin Mertzig PPS25-0073
Tyler Miller PPS25-0074
Matthew Milhollin PPS25-0247
Jason Moody PPS 25-0077
Jeremy Nicholas PPS25-0079
Michael Noble PPS25-0080
Greg Noll PPS25-0081
Daniel O'Conner PPS25-0082
Cody Patton PPS25-0267
Charles Perry PPS25-0084
Jacob Peterson PPS25-0085
Craig Poese PPS25-0086
Candy Poese PPS25-0427
William Powell PPS25-0442
Dee Powell PPS25-0441
Samantha Powell PPS25-0087
Benjamin Purser PPS25-0272
Kenneth Prewett PPS25-0088
Mark Rauss PPS25-0089
Ginger Robertson PPS25-0092
Kain Royer PPS25-0097
Rene Rulo PPS25-0284
Westley Seifert PPS25-0288
David Shirley PPS25-0104
Thomas Skinner PPS25-0293
Richard Skyles PPS25-0107
Kevin Sooter PPS25-0108
Shannon Sooter PPS25-0109
Anthony Spada PPS25-0299
Austin Weekley PPS25-0121
Ryan E Weekley PPS25-0120
Ryan M Weekley PPS25-0122
Robert Weishar PPS25-0123
Andrew Wheeler PPS25-0125
Todd Wheeler PPS25-0126
Andrew Wickliffe PPS25-0127
Gregory Willing PPS25-0315
Conni Wilson PPS25-0128
Greg Zotta PPS25-0132

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

By: /s/ Daniel Boyd
**Attorney for Plaintiffs**

**ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: ______________________ ______________________________
Judge or Clerk

Electronically Filed - Jackson - Kansas City - November 25, 2025 - 12:13 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **DOLEATA JOHNSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No:** |
| **v.** | ) | |
| | ) | |
| **STATE FARM FIRE AND** | ) | |
| **CASUALTY COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DESIGNATION OF LEAD COUNSEL

COMES NOW, plaintiff Doleata Johnson, by and through the undersigned counsel, and hereby designates Daniel Boyd as lead attorney of record in this matter, pursuant to Local Rule 3.5.1.

**THE COHEN LAW GROUP – MISSOURI, LLC**

By: */s/ Daniel L. Boyd*
Daniel L. Boyd, MO Bar #63578
200 Northeast Missouri Rd.
Lee's Summit, Missouri 64086
P: 816.897.3800; F: 816.307.0668
dboyd@itsaboutjustice.law
ATTORNEY FOR PLAINTIFF

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

**DOLEATA JOHNSON,**

**PLAINTIFF(S),**

**VS.**

**CASE NO. 2516-CV38833**
**DIVISION 1**

**STATE FARM FIRE AND CASUALTY COMPANY,**

**DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION**

---

NOTICE IS HEREBY GIVEN that this case is currently assigned to the Honorable SARAH A CASTLE and a Case Management Conference will be held with the Honorable SARAH A CASTLE on **16-MAR-2026** in **DIVISION 1** at **09:00 AM**, pursuant to Administrative Order. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a. A trial setting;

b. Expert Witness Disclosure Cutoff Date;

c. A schedule for the orderly preparation of the case for trial;

d. Any issues which require input or action by the Court;

e. The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ SARAH A CASTLE
SARAH A CASTLE, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
DANIEL LUCAS BOYD, 200 NORTHEAST MISSOURI RD, LEES SUMMIT, MO 64086

Defendant(s):
STATE FARM FIRE AND CASUALTY COMPANY
Dated: 25-NOV-2025

BEVERLY A. NEWMAN
Court Administrator

Electronically Filed - Jackson - Kansas City - November 25, 2025 - 12:13 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| **Doleata Johnson** | **Case No:** |
| **Plaintiff,** | **Division:** |
| **v.** | |
| **State Farm Fire and Casualty** | |
| **Defendant.** | |

**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Service, LLC.: Legal Names (s):

Sallie Bailey PPS25-0007
Thomas Bogue PPS25-0153
Scott Brady PPS25-0013
Gary Burt PPS25-0156
Bobby Calvert PPS25-0160
Lenora Cope PPS25-0016
Kanina Cox PPS25—0017
James Cox PPS25-0018
Kory Crawshaw PPS25-0019
Christopher Drummond PPS25-0027
Anthony Dunne PPS25-0028
Brandon Fisher PPS25-0382
Terri Frank PPS25-0422
Vincent Galindo PPS25-0036
David Gianini PPS25-0337
Bradley Gordon PPS25-0200
Darnell Hamilton PPS25-0038
Darnell I Hamilton PPS25-0536
James Hannah PPS25-0039
Rufus Harmon PPS25-0040
Floyd Hatfield PPS25-0339
Stephen Heitz PPS25-0208
Moses Hicks IV PPS25-0340
Bridgette Hight PPS25-0043
Wendy Hilgenberg PPS25-0044
McKenna Howe PPS25-0045
Kennedy Hoy PPS25-0046
Robert Jackson II PPS25-0342
Patrick Jones PPS25-0227
Angelique Julian PPS25-0051
Michelle Kendrick PPS25-0053
Chelsey Ketron PPS25-0054
Leisa Ketron PPS25-0055
Brent Kirkhart PPS25-0058
Janice Kirkhart PPS25-0056
Tyler Kirkhart PPS25-0057
Kenneth Marshall PPS25-0067
Michael Meador PPS25-0241
Justin Mertzig PPS25-0073
Tyler Miller PPS25-0074
Matthew Milhollin PPS25-0247
Jason Moody PPS 25-0077
Jeremy Nicholas PPS25-0079
Michael Noble PPS25-0080
Greg Noll PPS25-0081
Daniel O'Conner PPS25-0082
Cody Patton PPS25-0267
Charles Perry PPS25-0084
Jacob Peterson PPS25-0085
Craig Poese PPS25-0086
Candy Poese PPS25-0427
William Powell PPS25-0442
Dee Powell PPS25-0441
Samantha Powell PPS25-0087
Benjamin Purser PPS25-0272
Kenneth Prewett PPS25-0088
Mark Rauss PPS25-0089
Ginger Robertson PPS25-0092
Kain Royer PPS25-0097
Rene Rulo PPS25-0284
Westley Seifert PPS25-0288
David Shirley PPS25-0104
Thomas Skinner PPS25-0293
Richard Skyles PPS25-0107
Kevin Sooter PPS25-0108
Shannon Sooter PPS25-0109
Anthony Spada PPS25-0299
Austin Weekley PPS25-0121
Ryan E Weekley PPS25-0120
Ryan M Weekley PPS25-0122
Robert Weishar PPS25-0123
Andrew Wheeler PPS25-0125
Todd Wheeler PPS25-0126
Andrew Wickliffe PPS25-0127
Gregory Willing PPS25-0315
Conni Wilson PPS25-0128
Greg Zotta PPS25-0132

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

**By: /s/ Daniel Boyd**
**Attorney for Plaintiffs**

**ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

11/25/2025 [signature]
DEPUTY CLERK

## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>SARAH A CASTLE | **Case Number: 2516-CV38833** |
| Plaintiff/Petitioner:<br>DOLEATA JOHNSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL LUCAS BOYD<br>200 NORTHEAST MISSOURI RD<br>LEES SUMMIT, MO 64086 |
| Defendant/Respondent:<br>STATE FARM FIRE AND CASUALTY COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

# Summons in Civil Case

**The State of Missouri to: STATE FARM FIRE AND CASUALTY COMPANY**
**Alias:**

**ONE STATE FARM PLAZA**
**BLOOMINGTON, IL 61710**

**DEPARTMENT OF INSURANCE**
**301 W HIGH ST RM 530**
**JEFFERSON CITY, MO**

*COURT SEAL OF*

*JACKSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

25-NOV-2025
Date

Clerk

Further Information:

**Sheriff's or Server's Return**

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with ______________________ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

______________________ (name) ______________________ (title).

☐ other ______________________.

Served at ______________________ (address)

in ______________ (County/City of St. Louis), MO, on ______________ (date) at ______________ (time).

______________________
Printed Name of Sheriff or Server

______________________
Signature of Sheriff or Server

*(Seal)*

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______________________ (date).

My commission expires: ______________
Date

______________________
Notary Public

**Sheriff's Fees**

| | |
|---|---|
| Summons | $________ |
| Non Est | $________ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $________ (_____ miles @ $._____ per mile) |
| **Total** | $________ |

A copy of the summons and petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020

# AFFIDAVIT OF SERVICE

**State of Missouri** | **County of Jackson** | **Circuit Court**

Case Number: 2516-CV38833

POW2025016172

Plaintiff: **Doleata Johnson**
vs.
Defendant: **State Farm Fire and Casualty Company**

For: Cohen Law Group - Missouri, LLC

Received by D & B Legal Service, LLC to be served on **State Farm Fire and Casualty Company c/o Director of Insurance, 301 W. High St, Rm 530, Jefferson City, MO 65101.** I, Rufus R. Harmon, being duly sworn, depose and say that on the 3rd day of Dec, 2025 at 8:00 a.m., executed service by delivering a true copy of the **Summons, Petition for Damages (2 copies), Order for Private Process Server, CMC and Mediation Order, Designation of Lead Attorney, Plaintiff's First Interrogatories, Plaintiff's First Request for Production** in accordance with state statutes in the manner marked below:

( ) CORPORATE SERVICE: By serving ______________________ as ______________________.

( ) CORPORATE SERVICE AT ALTERNATE ADDRESS: By serving ______________________ as ______________________ at the alternate address of ______________________.

(X) AUTHORIZED SERVICE: By serving Nikki Feelor as Authorized Agent

( )NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** ______________________

Age 40 Sex M (F) Race white Height 5'7" Weight 170 Hair Brown Glasses (Y) N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 7th day of December 2025 by the affiant who is personally known to me in the State of Missouri and County of Cole.

[signature]
NOTARY PUBLIC

KELSEY SCHRIMPF
Notary Public, Notary Seal
State of Missouri
Cole County
Commission # 23381805
My Commission Expires 08-14-2027

[signature: Rufus R. Harmon]
PROCESS SERVER # ______________
Appointed in accordance with State Statutes

**D & B Legal Service, LLC**
**5350 W 94th Ter Ste 206**
**Prairie Village, KS 66207**
**(913) 362-8110**

Our Job Serial Number: 2025016172
Ref: 5000571 - Doleata Johnson

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0b

Electronically Filed - JACKSON - KANSAS CITY - December 11, 2025 - 10:49 AM

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: SARAH A CASTLE | Case Number: 2516-CV38833 |
| Plaintiff/Petitioner: DOLEATA JOHNSON vs. | Plaintiff's/Petitioner's Attorney/Address DANIEL LUCAS BOYD 200 NORTHEAST MISSOURI RD LEES SUMMIT, MO 64086 |
| Defendant/Respondent: STATE FARM FIRE AND CASUALTY COMPANY | Court Address: 415 E 12th KANSAS CITY, MO 64106 |
| Nature of Suit: CC Breach of Contract | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to: STATE FARM FIRE AND CASUALTY COMPANY**
Alias:

ONE STATE FARM PLAZA
BLOOMINGTON, IL 61710

DEPARTMENT OF INSURANCE
301 W HIGH ST RM 530
JEFFERSON CITY, MO

COURT SEAL OF
CIRCUIT COURT OF MISSOURI
JACKSON COUNTY

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

25-NOV-2025
Date

[signature]
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with ______ a person at least 18 years of age residing therein.
☒ (for service on a corporation) delivering a copy of the summons and petition to
Nikki Feeler (name) Authorized Agent (title).
☐ other ______

Served at 301 W. High St. Jefferson City Mo. (address)
in Cole (County/City of St. Louis), MO, on 12-3-25 (date) at 8:00 A.M. (time).

Rufus R. Harmon
Printed Name of Sheriff or Server

[signature: Rufus R. Harmon]
Signature of Sheriff or Server

(Seal) **Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on 12/7/25 (date).
My commission expires: 8/14/27
Date

[signature]
Notary Public

KELSEY SCHRIMPF
Notary Public, Notary Seal
State of Missouri
Cole County
Commission # 23381805
My Commission Expires 08-14-2027

**Sheriff's Fees**

| | |
|---|---|
| Summons | $______ |
| Non Est | $______ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $______ (______ miles @ $.______ per mile) |
| **Total** | $______ |

A copy of the summons and petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - JACKSON - KANSAS CITY - December 11, 2025 - 10:49 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **DOLEATA JOHNSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No: 2516-CV38833** |
| **v.** | ) | |
| | ) | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that Plaintiff, Doleata Johnson, by and through the undersigned counsel, pursuant to Rules 57.01 and 56.01, submitted to Defendant, State Farm Fire and Casualty Company, the following discovery documents along with the Summons and the Petition in this action:

1) Plaintiff's First Set of Interrogatories;
2) Plaintiff's First Request for Production.

Dated: December 11, 2025

**COHEN LAW GROUP**

By: /s/ Daniel L. Boyd
Daniel L. Boyd, Mo. Bar # 63578
200 Northeast Missouri Rd.
Lee's Summit, Missouri 64086
P: 816.897.3800; F: 816.307.0668
dboyd@itsaboutjustice.law

State of Missouri

# Department of Commerce and Insurance

FILED-CIRCUIT COURT JACKSON CO. MO.
2025 DEC 30 AM 10:44

**TO:** Corporate Secretary (or United States Manager or Last Appointed General Agent) of

STATE FARM FIRE AND CASUALTY COMPANY
CSC LAWYERS INCORPORATING SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**RE:** Court: Jackson Co. at Kansas City, Case Number: 2516-CV38833

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Commerce and Insurance of the state of Missouri, Dated at Jefferson City, Missouri this Wednesday, December 3, 2025.

Angela L. Nelson

Director of Commerce and Insurance

AFFIDAVIT

State of Missouri,
ss.
County of Cole,

The undersigned Director of the Department of Commerce and Insurance or the Director's designated agent, hereby makes oath and certifies the original of the above notice to the above addressee was mailed at the United States Post Office in Jefferson City, Missouri on Dec 5, 2025 by first class certified mail prepaid as provided by section 375.906.5, RSMo. and Supreme Court Rule 54.15

Director, Department of Commerce and Insurance

By: [signature]

Subscribed and sworn to before me this 5th day of December 2025

Kathryn Latimer
Notary Public

My commission expires: KATHRYN LATIMER
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES MARCH 4, 2028
COLE COUNTY
COMMISSION #12418395

301 West High Street, Room 530, P.O. Box 690 / Jefferson City, Missouri 65102-0690
Telephone 573-526-4199 / RelayMo TTY Dial 711 or 1-800-735-2966 (Hearing Impaired)
http://www.dci.mo.gov

3 FFILN

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- 

1\. STATE FARM FIRE AND CASUALTY COMPANY
CSC LAWYERS INCORPORATING SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

9590 9402 4493 8248 0737 10

2\. Article Number *(Transfer from service label)*
9589 0710 5270 0894 1455 87

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X S Lewis ☐ Agent ☐ Addresse

B. Received by *(Printed Name)*

C. Date of Delive
12/2/25

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3\. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- all Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restric Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery