# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DOLEATA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 26-00001-CV-W-LMC |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Defendant State Farm Fire and Casualty Company's Motion to Transfer Venue (Doc. #11). State Farm Fire and Casualty Company (State Farm) requests that this matter be transferred to the United States District Court for the Eastern District of Missouri. (Doc. #11.) Plaintiff Doleata Johnson opposes the transfer. (Doc. #15.) For the reasons stated below, the Court denies State Farm's motion.

## I.  BACKGROUND

Plaintiff filed her Petition for Damages in the Circuit Court of Jackson County, Missouri on November 25, 2025. (Doc. #1-1.) Plaintiff alleges that on April 1, 2024, Plaintiff's property located on Natural Bridge Road in Saint Louis, Missouri suffered damage from a severe hail and windstorm. (Doc.#1-1 at 1-3.) The property was covered under a homeowner's policy issued by State Farm. (Doc. #1-1 at 2.) Plaintiff submitted a claim under the policy and after an investigation State Farm determined that the property sustained hail damage and issued an estimate of $3,964.99 replacement cost value (RCV). (Doc.#1-1 at 3.) Believing that State Farm "failed to properly identify all hail damage, necessary repairs, or the proper repair costs[,]" Plaintiff submitted a

demand for payment of $146,533.40 RCV. (Doc.#1-1 at 3-4.) State Farm rejected the demand. (Doc.#1-1 at 4.) Plaintiff then filed this action alleging the following counts: (1) breach of contract (Count I); and (2) vexatious refusal to pay in violation of R.S.Mo §§375.296 and 375.420 (Count II). Plaintiff's Petition alleged that venue in the Circuit Court of Jackson County was proper under "R.S.Mo §508.010.2(4), as Defendant is a non-resident and Plaintiff's suit may be brought in any county in this State." (Doc.#1-1 at 2.)

## II.   STANDARD

State Farm seeks transfer pursuant to 28 U.S.C. §1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a). "Section 1404(a) applies only if the initial federal forum is a proper venue." 14D Fed. Prac. & Proc. Juris. (Wright & Miller) § 3829 (4th ed.). "The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Ultimately, "district courts should weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). "Where the balance of relevant factors is equal or only slightly in favor of the movant, the motion to transfer should be denied." *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). Federal courts generally defer to plaintiff's venue choice and therefore a party requesting transfer bears the burden of proving transfer is justified. *Terra Int'l, Inc.*, 119 F.3d at 695. Change of venue is left to the discretion of the district court. *Hubbard v. White*, 755 F.2d 692, 694 (8th Cir. 1985).

III. ANALYSIS

State Farm argues that the Eastern District of Missouri is a more convenient forum because the events occurred within Saint Louis and State Farm anticipates that witnesses will be located within Saint Louis, Missouri. (Doc. #12.) Plaintiff resists State Farm's motion and asserts that Plaintiff's choice of forum should be given deference and that State Farm has failed to meet its burden to show that transfer is appropriate. (Doc. #15.)

First, there is no question that this matter could have been brought in the Eastern District of Missouri as the underlying event occurred in Saint Louis. Plaintiff, however, brought the matter in the Circuit Cour of Jackson County pursuant to Mo. Rev. Stat. §508.010.2(4), which states that "[w]hen all the defendants are nonresidents of the state, suit may be brought in any county in this state, provided there is personal jurisdiction over each defendant, independent of each other defendant." State Farm has not argued that §508.010.2(4) does not apply in this matter. Because the matter was removed from the Circuit Court of Jackson County, Missouri, venue is proper in the Western District of Missouri. *See* 28 U.S.C. §1441(a) (stating that a case may be removed under that statute "to the district court of the United States for the district and division embracing the place where such action is pending.") Therefore, the matter is proper in either district.

Regarding the convenience of the parties, the Court finds that this factor is essentially neutral. Plaintiff resides in Saint Louis, and the subject property is in Saint Louis. (Doc. #1-1 at 2; Doc. #15 at 3.) State Farm is a citizen of Illinois. (Doc. #1 at 2; Doc. #6.) Counsel has not indicated what city in Illinois State Farm is located and therefore this Court cannot assume that travel to the Eastern District of Missouri would be any less burdensome than travel to the Western District. Indeed, State Farm does not argue that transfer should occur because the Western District is inconvenient to the Company. Counsel for both parties are located in the Western District of

3

Missouri, but while location of counsel is relevant, "it is entitled to little weight." *Standard Off. Sys. of Fort Smith, Inc. v. Ricoh Corp.*, 742 F. Supp. 534, 537 (W.D. Ark. 1990). Given that Plaintiff is the only party located in Saint Louis, and she has chosen to file her claim elsewhere, the Eastern District does not appear to be any more convenient to the parties than the Western District.

State Farm's argument primarily relies on the convenience of the witnesses. (Doc. #12; Doc. #17.) The convenience of witnesses is the most important factor in determining whether a change of venue is appropriate. *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F. Supp. 526, 532 (W.D. Mo. 1987). Generally, in analyzing this factor "[t]he number of potential witnesses located in or near a suggested forum as well as 'the nature and quality of their testimony in relationship to the issues of the case' must be considered." *Id.* State Farm asserts that "while the identity of witnesses are not known at this time, State Farm anticipates that all relevant witnesses related to the damage to Plaintiff's property and of the hail and windstorm, will be family members, neighbors or friends of Plaintiff located near at or near her property located within St. Louis, Missouri . . . ." (Doc. #12 at 3.) State Farm's assertion that nonparty witnesses will be inconvenienced appears based upon an assumption that nonparty witnesses reside in Saint Louis. While the Court may assume that some nonparty witnesses are likely to be located where the incident occurred, it is unclear to this Court how many witnesses are impacted and the nature and quality of their testimony. *See Guiette v. U.S. Bank Nat'l Ass'n*, 2017 WL 6001738, at *4 (D. Minn. Dec. 4, 2017) (finding that "[b]ased on common-sense assumptions about the likely presence of material witnesses, a court may determine that witness convenience favors transfer even where such witnesses are not identified by name.") The Court notes that the event at issue in this matter took place nearly two years ago and witnesses may have moved away. Furthermore,

4

Case 4:26-cv-00001-LMC    Document 30    Filed 03/05/26    Page 4 of 9

the Court notes that in the parties' Case Management Report and Proposed Discovery Schedule, the parties indicated that additional time for discovery was needed in part to facilitate "production of witnesses from outside of the State of Missouri[.]"  (Doc. #23 at 2.)  Therefore, it appears that not all witnesses reside in Saint Louis.  Nevertheless, the Court, for purposes of this Order will assume that some witnesses reside in or around Saint Louis.   That fact, however, does not mean that transfer is automatically warranted.  Pursuant to Rule 45(c)(1)(A) & (2)(A), witnesses who are outside of this Court's subpoena power may still be compelled to give testimony via deposition and to provide evidence within 100 miles of where that person resides, is employed, or regularly transacts business.  Furthermore, such deposition testimony may be used at trial.  Fed. R. Civ. P. 32.  Therefore, the Court finds that State Farm's assertion of nonparty witness inconvenience only minimally supports a finding in favor of transfer.

Finally, the Court finds that the interests of justice do not support transfer in this matter. The interests of justice factors considers: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law."  *Terra Int'l, Inc.*, 119 F.3d at 696. Generally, there is "a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S. Ct. 252, 265-66 (1981). State Farm points out that the Eighth Circuit has found that a Plaintiff's choice of forum is entitled to only minimal weight where there is "no factual connections between the facts of Plaintiff's lawsuit, including witnesses or parties" to the chosen forum.  (Doc.  #17 at 3.)  The case relied upon by State Farm, *In re Apple, Inc.*, involved a plaintiff, a Taiwanese corporation, filing a claim

5

in the Western District of Arkansas despite the fact that the defendant was a citizen of California, the alleged misconduct occurred in California, many potential witnesses resided in California, and relevant documentation was located in California. *In re Apple, Inc.*, 602 F.3d at 911, 915. The only connection to the Western District of Arkansas was that the plaintiff "chose to file there and retained local counsel." *Id.* at 913. The Court in *In re Apple, Inc.*, found that the "'general' practice of according deference is based on an assumption that the plaintiff's choice will be a convenient one." *Id.* at 913. As the Supreme Court noted, "[b]ecause the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Piper Aircraft Co.*, 454 U.S. at 256.

The circumstances in *In re Apple, Inc.*, discussed above, and in *Piper Aircraft Co.*, where the event occurred in Scotland and plaintiffs were Scottish citizens, are a far cry from the circumstances in the instant case. Here, there are no borders being crossed and no choice of law issues to deal with. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S. Ct. 839, 843 (1947) (finding that "[t]here is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.") The distance between the two forums is approximately 250 miles and as discussed above, there are other means of securing a witness's testimony. State Farm is not a resident of the Eastern District and has not even argued that travel to the Western District is any more inconvenient than travel to the Eastern District. While a foreign plaintiff's choice of forum may be given somewhat less deference than a resident plaintiff, the choice of forum may still be entitled to some deference. *See Est. of I.E.H. v. CKE Restaurants, Holdings, Inc.*, 995 F.3d 659, 663 (8th Cir. 2021) (finding that "resident plaintiffs are given only 'somewhat more deference than foreign plaintiffs.'")

One point brought up by Plaintiff bears some discussion. Plaintiff points out that under Missouri law, State Farm is deemed to be a resident of Cole County. (Doc. #15 at 3.) In so arguing, Plaintiff cites Mo. Rev. Stat. § 508.010.17 which states that a "foreign insurance company shall be deemed to reside in, and be a resident of, the county where its registered office is maintained. If a foreign insurance company does not maintain a registered office in any county in Missouri, the foreign insurance company shall be deemed to reside in, and be a resident of, Cole County." Plaintiff also cites Mo. Rev. Stat. § 375.1803.1, which states "[n]otwithstanding any provision of law to the contrary, in all actions in which there is any count against an insurer, whether in tort or contract, regarding the rights, benefits, or duties under an insurance contract or any action arising from an insurance contract, including but not limited to claims of breach of contract, bad faith, or breach of fiduciary duty, venue shall be in the county where the insurer resides, or if the insured was a resident of Missouri at the time the insurance contract was issued, the county of the insured's principal place of residence, as defined in section 508.010, at the time the insurance contract was issued." The Court also notes that this Court has deemed State Farm Fire & Casualty Company to be a resident of Cole County based on §508.010.17 and §375.1803.1. *Brown v. State Farm Fire & Cas. Co.*, 2023 WL 5599630, at *6 (W.D. Mo. Aug. 29, 2023). There appears to be some tension between Plaintiff's reliance on § 508.010.17 and § 375.1803.1 and her reliance on Mo. Rev. Stat. §508.010.2(4) in her Petition. Nevertheless, as noted above, State Farm did not argue that §508.010.2(4) was inapplicable or that Jackson County was an improper venue. A motion under 28 U.S.C. §1404(a) merely requests transfer of venue for the convenience of the parties, not that the venue was improper. Therefore, State Farm has waived the issue of improper venue. *Wrex Grp., LLC v. USAT Logistics*, 2024 WL 3225987, at *3 (E.D. Mo. June 28, 2024) (finding that "venue, like jurisdiction over the person, may be waived.") This exploration, however, does bear

upon the fact that State Farm is deemed to be a resident of Cole County and therefore has connections to the Western District, such that "Plaintiff's choice of forum is entitled to some deference." *Brown*, 2023 WL 5599630 at *8.

State Farm has not argued that any of the other considerations under the interest of justice factor weighs in favor of transfer. A review of the statistics between the two courts reveals a similar caseload that does not justify finding judicial economy favors one district over the other. Combined Civil and Criminal Federal Court Management Statistics (December 31, 2025), https://www.uscourts.gov/data-news/data-tables/2025/12/31/federal-court-management-statistics/n-a-1 (last visited February 26, 2026). Therefore, the Court finds that the interest of justice factor minimally supports honoring Plaintiff's choice of venue.

State Farm also argues that "Plaintiff's filing of suit in Jackson County, Missouri, constitutes forum shopping as Plaintiff's motive for filing within that Court cannot be based on the facts of this alleged loss, but rather, appears to be based on the hope and expectation that a verdict for a larger sum would be returned in an unrelated District Court where none of the material events giving rise to Plaintiff's losses occurred." (Doc. #12 at 2-3.) Nevertheless, State Farm has not provided any evidence that this forum would be any more favorable to Plaintiff than the Eastern District. Furthermore, in Missouri, "[w]hile a plaintiff does not have an unlimited right to select the forum, a plaintiff's freedom to select a forum is significant." *Loew v. Heartland Trophy Props., Inc.*, 665 S.W.3d 339, 345 (Mo. Ct. App. 2023) (finding venue proper under "§ 508.010.2(4), because the defendant, an Iowa corporation, was a nonresident of Missouri.") Therefore, the Court is not persuaded that Plaintiff engaged in any forum shopping.

Consequently, the balance of factors does not strongly support transferring this matter. The Court, therefore, finds that State Farm has failed to show that transfer is warranted in this matter.

8

Case 4:26-cv-00001-LMC    Document 30    Filed 03/05/26    Page 8 of 9

As noted in *Brown,* "[t]he sole factor that weighs in favor of transfer is the cost of witnesses' travel to the Western District of Missouri for trial, but the Court finds that that consideration alone is insufficient to overcome the deference due to Plaintiff's choice of forum and the interest in judicial efficiency." *Brown*, 2023 WL 5599630 at *9.

IV. CONCLUSION

It is therefore

ORDERED that Defendant State Farm Fire and Casualty Company's Motion to Transfer Venue (Doc. #11) is DENIED.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE