# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DOLEATA JOHNSON, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 26-00001-CV-W-LMC |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
|       Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. #19). Plaintiff requests that all of Defendant State Farm Fire and Casualty Company's (State Farm) affirmative defenses should be stricken for failure to comply with the Federal Rules of Civil Procedure's pleading standards. State Farm opposes the motion. (Doc. #22.) For the reasons stated below, the Court grants in part and denies in part the motion.

This matter involves a claim for breach of contract and vexatious refusal to pay in violation of R.S.Mo §§ 375.296 and 375.420. (Doc. #1.) Plaintiff moves to strike all affirmative defenses pled by State Farm and which are listed below:

    10. Plaintiff's Petition for Damages fails to state a claim against State Farm for which relief may be granted.

    11. In further defense, State Farm states portions of the damage to residence do not fall within the scope of coverage and/or is excluded by the terms, defenses, conditions, limitations, exclusions, endorsements, and provisions of the policy. State Farm relies upon and asserts all terms, defenses, conditions, limitations, exclusions, endorsements, and provisions of Policy No. 25-PD-5105-3.

    12. In further defense, State Farm states Plaintiff's claims, in whole or part, are barred or should be reduced by Plaintiff's failure to mitigate damages allegedly sustained.

13. In further defense, State Farm states that, at all material times, State Farm's claims decisions were reasonable, made in good faith, and at a minimum predicated upon a reasonable interpretation of the State Farm policy, and the facts of the claim so as to preclude any claims for bad faith, vexatious refusal to pay, or breach of the duty of good faith.

14. In further defense, State Farm asserts Plaintiff is unable to recover to the extent requested and that Plaintiff's claims must be reduced to the extent of the insurance deductible, and are limited and based upon the loss settlement and/or payment provisions of the policy of insurance.

15. In further defense, State Farm states any claim asserted or attempted to be asserted by Plaintiff is barred by the doctrines of waiver, estoppel, and unclean hands, and/or laches.

16. In further defense, State Farm states in response to Plaintiff's claims State Farm provided timely and consistent correspondences outlining requirements of the insured/plaintiff and issuing payments to Plaintiff.

17. In further defense, State Farm states that, to the extent Plaintiff receives or has received any settlement proceeds from any party or persons responsible for the occurrence and/or damages described in Plaintiff's Petition for Damages, State Farm reserves the right to have its pleadings conform to the evidence and that State Farm should be entitled to offer evidence of such agreements and the amounts paid or stipulated to be paid pursuant to such agreements to provide a reduction in partial satisfaction and/or credit on Plaintiff's claim from State Farm.

18. In further defense, State Farm reserves the right to assert other affirmative defenses as may become known during discovery and trial.

(Doc. #4 at 4-5.)

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Such a measure, however, is considered "extreme and disfavored." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Whether to strike is left to the discretion of the court. *Nationwide Ins. Co. v. Cent. Missouri Elec. Co-op., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001).

Plaintiff argues that "[e]ach of [the above-listed] affirmative defenses consists of conclusory statements without supporting factual allegations[, and] . . . fail to provide

2

Plaintiff with fair notice of the grounds upon which each defense rests, as required by Federal Rule of Civil Procedure 8(b) and 8(c)." (Doc. #20 at 4.) Rule 8(b) requires that a responding party must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b). Rule 8(c) requires a responding party to "affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c)(1).

Citing *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756, 766 (8th Cir. 2022), Plaintiff argues that "[a] 'bare assertion' of a defense may suffice under certain circumstances, but this does not negate the need for sufficient notice to the opposing party." (Doc. #20 at 2.) Plaintiff's characterization of *Crutcher* is not accurate. The Eighth Circuit in *Crutcher* reaffirmed its decision in *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356 (8th Cir. 1997) that the "'bare assertion' of a defense without being 'articulated with any rigorous degree of specificity'" is sufficient. *Crutcher*, 22 F.4th at 766 (quoting *Zotos,* 121 F.3d at 361). The *Crutcher* Court went on to find that the inclusion of waiver in a list of affirmative defenses with no other details was adequate under Rule 8(c) and *Zotos*. *Id.* Prior to *Crutcher*, "[d]istrict courts within the Eighth Circuit are split regarding whether the sufficiency of an affirmative defense must be analyzed under the *Iqbal*[1] and *Twombly*[2] standards applicable to a Rule 12(b)(6) motion to dismiss." *Eaton Veterinary Pharm., Inc. v. Wedgewood Vill. Pharmacy, Inc.*, 2016 WL 7200805, at *2 (W.D. Mo. Mar. 4, 2016). "*Crutcher* establishes the inapplicability of *Twombly* and *Iqbal* to affirmative defenses in the Eighth Circuit." *United States v. Eickhoff*, 2023 WL 2634292, at *2 (W.D. Mo. Mar. 24, 2023). Therefore, "[a]s long as 'an affirmative defense is raised in the trial court in a manner that does not

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).
[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).

3

result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal.'" *Crutcher*, 22 F.4th at 766 (quoting *First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622 (8th Cir. 2007)). Thus, Plaintiff's argument that none of the affirmative defenses provide factual allegations, does not comport with the holding of *Cruther*. Accordingly, State Farm's affirmative defenses provided sufficient notice and were adequate under *Cruther*.

In Paragraph #10 listed above, State Farm lists as an affirmative defense a failure to state a claim. This Court has repeatedly stated that a failure to state a claim is not an affirmative defense. *Scott v. Precythe*, 2025 WL 1384778, at *3 (W.D. Mo. May 13, 2025) (finding that "such an assertion is appropriate as a motion to dismiss."). "However, this court has held that while failure to state a claim may not technically be an affirmative defense, it should not be stricken because it does neither party any harm (or any good)." *Gen. Star Indem. Co. v. Thayer Learning Ctr. LLC*, 2012 WL 12903770, at *2 (W.D. Mo. Sept. 10, 2012). Therefore, this Court declines to strike paragraph #10.

With regard to Paragraph #18 listed above, the reservation of rights, such language is inappropriate as a party cannot reserve the right to amend a pleading. *Constr. Indus. Laborers, Pension Fund v. Wellington Concrete, LLC*, 2016 WL 1275605, at *4 (E.D. Mo. Mar. 31, 2016) (finding that "[a]ffirmative defenses that come to light during discovery are not automatically incorporated into an answer, and a party cannot 'reserve the right' to amend its answer once an affirmative defense is discovered.") If during discovery additional affirmative defenses are identified, State farm "must adhere to the appropriate procedures mandated by the Federal Rules of Evidence." *Borden v. Aramark Unif. & Career Apparel, Inc.*, 2020 WL 3415873, at *3 (W.D. Mo. June 22, 2020) (citing Fed. R.

Civ. P. 15.) Therefore, the Court will strike Paragraph #18 of State Farm's Answer (Doc. #4).

It is THEREFORE

ORDERED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. #19) is GRANTED in part and DENIED in part.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE
